Shaw, C. J.
This is a bill in equity, brought by John Abbott and three others, alleging themselves to be severally *589 holders of a certain number of shares in the capital stock of the Ballard Vale Machine Shop, a manufacturing corporation established at Andover in this county. They allege certain fraudulent proceedings on the part of Merriam as treasurer, and May as secretary of said corporation, and that the corporation became embarrassed in their circumstances, but the plaintiffs say that they were not insolvent, and that, if their effects had been well managed, there would have been enough to pay all their debts. They allege a deed made by the corporation of all its property for a nominal consideration to William King of New York and the said Merriam; no condition is expressed, and no trust declared. By the exhibition of the deed, which is made part of the bill, the deed seems to have been executed under the express authority both of the stockholders and directors of the corporation, by votes at meetings regularly held for that purpose. They allege that the officers of the corporation made certain notes, in a form sufficient to bind the corporation, and negotiated them by indorsement to Daniel M. Farnum of New York, one of the defendants, and that he has brought actions on several of them, in courts of this commonwealth, against the corporation, and is proceeding to obtain judgments thereon. The gravamen of the complaint is, that this corporation, not having complied with the rules of law, (Rev. Sts. c. 38,) to exempt individual stockholders from personal liability for the debts of the corporation, the intention and design of the defendants, especially of Farnum, is to obtain judgments against the corporation, and then, pursuant to the statute, obtain satisfaction of the stockholders individually; and they allege that the real estate of two of the plaintiffs has been attached on mesne process, to answer the judgments in such suits. They allege collusion and conspiracy among all the three defendants, including Farnum, the plaintiff in those suits; and they pray that Merriam, May and Farnum, their agents and attorneys, and the sheriffs, &c. of the counties of Suffolk and Essex, be enjoined from levying any execution, which has been or may be issued in any of the suits, or any writ hereafter to be issued in any of the suits, and for further relief. To this bill there is a *590 general demurrer and joinder. This is a very brief abstract of the pleadings. The demurrer is taken upon the ground, first, that the court has no jurisdiction in equity; and, second, that the bill sets forth no sufficient ground to maintain a suit in equity.
The court are of opinion, that the bill presents no case, in which equity jurisdiction is vested in this court, or upon which the plaintiffs are entitled to relief.
As stockholders, they have rights undoubtedly and interests in the affairs and management of the concerns of the corporation ; but these are derivative and indirect, and are limited and regulated by law. They have no right by any direct suit, legal or equitable, to call the directors or other officers of the corporation to account for mismanagement. Smith v. Hurd, 12 Met. 371. Nor, if all the stockholders were to unite in a suit in equity, could they have any better ground to recover. The directors and other officers and agents are amenable only to the corporation; and to give every individual stockholder a right of action would lead to a multiplicity of suits. Smith v. Hurd, 12 Met. 371.
Besides; if the plaintiffs have any remedy, that is, any right to exempt themselves from a responsibility which they are under by law, to answer for the corporation, it is in consequence of a series of measures equally injurious to the corporation as to these plaintiffs, and which would form a good defence for the corporation in the pending suits. If the judgment to be obtained against the corporation be a valid judgment, the law creates all the responsibility which the plaintiffs are under. But the plaintiffs do not seek to enjoin the defendant Farnum from obtaining his judgment against the corporation, nor would they be competent to maintain such a suit.
The plaintiffs have set forth a deed by which the corporation transferred all their property to King and Merriam, and in the argument they intimate that this must be a deed of trust, and they seek by a discovery to know whether there is anj declaration of trust or not. But the bill does not aver that it was given in trust, or in what trust, or for whom. The plaintiffs do not intimate that they were cestuis que trust, or were *591 entitled to any benefit from it, and of course the court can take no jurisdiction of this cause under their equity jurisdiction to enforce the execution of trusts. Mitchell v. Green, 10 Met. 101.
N. W. Hazen, for the plaintiffs.
J. G. King, for the defendants.
If it were a trust, what relief could the plaintiffs have? This bill is not against the trustees, King and Merriam, but against Merriam and others, and for another purpose. They do not seek an account; they do not ask for the execution of a trust. But they ask to have certain proceedings stayed, on the ground of fraud, of which, as such, the corn! has not jurisdiction. The allegation that the suits are under the direction of the defendants, Merriam and May, and that Farnum is a mere nominal party, is an averment only of instances and specifications of fraud.
It is urged, that after the insolvency of the corporation, the officers and agents had no authority to make new contracts the effect of which would be to bind their co-stockholders to new liabilities. But the question is, not whether they could bind individual stockholders, but whether they could bind and did bind the corporation, which is a question for the corporation to contest.
This is not a case where there are more than two parties, having conflicting interests. Nor is there any pretence to say, that members of a corporation, even after a dissolution of the charter, are partners, joint tenants, or tenants in common. Pratt v. Bacon, 10 Pick. 123.

Demurrer sustained and bill dismissed